UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TRAVIS R. MCPEEK, <br><br> Petitioner, <br><br> vs. <br><br> SOUTH DAKOTA BOARD OF PARDONS AND PAROLES; ALEJANDRO REYES, WARDEN AT MDSP, <br><br> Respondents. | 4:24-CV-04198-KES <br><br><br> REPORT AND RECOMMENDATION |

**REPORT AND RECOMMENDATION OF DISMISSAL ON SCREENING**

Travis McPeek, an inmate at the Mike Durfee State Prison in Springfield, South Dakota, petitioned the district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 30, 2024. Docket No. 1. Mr. McPeek filed a motion to stay the following day, acknowledging his failure to exhaust state proceedings and moving the court to stay federal proceedings while he pursues that exhaustion. Docket No. 3.

Rule 4 of the Rules Governing § 2254 Cases commands that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court, the judge must dismiss the petition." That rule applies with equal force to § 2241 petitions. Jindra v. FPC Yankton, Warden, 4:21-CV-04113-RAL, 2021 WL 2913066, at *1 (D.S.D. July 12, 2021) (citing Rule 1(b) of the Rules Governing § 2254 Cases).

Mr. McPeek acknowledges he is required to exhaust state remedies before seeking federal relief. See Sacco v. Falke, 649 F.2d 634, 635–36 (8th Cir. 1981). And in a situation such as his, where claims are completely unexhausted, a stay is inappropriate. Rhines v. Weber, 544 U.S. 269, 277 (2005). The petition should be dismissed.

## CONCLUSION

Based on the foregoing facts, law, and analysis, this magistrate judge respectfully recommends dismissing Mr. McPeek's petition [Docket No. 1] without prejudice, pending exhaustion of state remedies, and denying his motion to stay [Docket No. 3].

## NOTICE TO PARTIES

Mr. McPeek has fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the district court. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990); Nash v. Black, 781 F.2d 665, 667 & n.3 (8th Cir. 1986).

DATED this 31st day of October, 2024.

BY THE COURT:

_____
VERONICA L. DUFFY

United States Magistrate Judge